IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Allied Property and Casualty Insurance Company,<br><br>     Plaintiff,<br><br>vs.<br><br>Christina M. Kirk, Austin T. Kirk, Hunter E. Lawrence,<br><br>     Defendants.<br><br>Hunter E. Lawrence,<br><br>     Third-Party Plaintiff,<br><br>vs.<br><br>Government Employees Insurance Company (GEICO),<br><br>     Third-Party Defendant.<br><br>Hunter E. Lawrence,<br><br>     Counter Claimant,<br><br>vs.<br><br>Allied Property and Casualty Insurance Company,<br><br>     Counter Defendant. | Civil Action No. 8:23-cv-3121-TMC-WSB<br><br>**ORDER** |

  Hunter Lawrence filed an action in state court against Cody Taylor, Christina Kirk, Austin Kirk, and Marshall Henderson alleging negligence and social host liability after

1

sustaining significant injuries from a single-car motor vehicle accident following a party at Christina Kirk's residence. (ECF No. 1-2 at 5). Thereafter, Allied Property and Casualty Insurance Company ("Allied"), filed a complaint for declaratory judgment in this court, seeking a declaration of its obligations under a homeowners insurance policy it issued to Christina Kirk. (ECF No. 1). Austin Kirk and Christina Kirk (collectively "the Kirks"), who are proceeding *pro se* in this action, filed an answer.[1] (ECF No. 9). Lawrence also filed an answer to the complaint and brought a counterclaim against Allied, requesting a declaration that the policy provides liability insurance coverage for the allegations in his amended complaint.[2] (ECF No. 16).

Additionally, Lawrence filed a third-party complaint against GEICO, which issued a motor vehicle policy to Austin Kirk. (ECF No. 16 at 11-13). Against GEICO, Lawrence requests "a declaration from the [c]ourt regarding coverage for alleged motor vehicle liability and the GEICO insurance policy." *Id*. at 13. GEICO filed an answer and asserted a counterclaim wherein it also seeks declaratory relief. (ECF No. 27). GEICO then filed a motion for judgment on the pleadings. (ECF No. 43). The magistrate judge[3] issued an order to the Kirks pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising them of the summary judgment/dismissal procedures and the possible consequences if they failed to respond adequately to the motion. (ECF Nos. 44, 45). Lawrence filed a response in opposition to the

---

[1] Austin Kirk is Christina Kirk's son, and he resided at her residence on the day of the accident. (ECF No. 16-2 at 7).

[2] Allied filed an answer to the counterclaim on September 14, 2023. (ECF No. 22).

[3] This matter was referred to a magistrate judge due to the Kirks' *pro se* status, pursuant to this court's local civil rule 73.02(B)(2)(e). (ECF No. 10).

motion, (ECF Nos. 46, 59),[4] and GEICO filed a reply, (ECF No. 62). Neither Allied nor the Kirks filed a response to the motion.

Before the court is the magistrate judge's Report and Recommendation, (ECF No. 66), recommending the undersigned grant GEICO's motion for judgment on the pleadings, (ECF No. 43). Lawrence filed objections to the Report, (ECF No. 68), and GEICO filed a reply, (ECF No. 69). The matter is ripe for this court's review, and the court finds a hearing is not necessary to rule on GEICO's motion as the positions of the parties have been fully briefed.

## BACKGROUND

In his amended complaint in the underlying state court case, Lawrence alleges that, on September 12, 2020, Lawrence, Henderson, and Taylor participated in "Beer Olympics" at the Kirks' residence where the Kirks knowingly and intentionally served, or caused to be served, alcohol to Henderson and Taylor. (ECF No. 16-2 at 7, 21, 29). Lawrence later left the party with Henderson and Taylor. *Id*. at 8. Lawrence alleges that, due to the Kirks' service of alcohol, Taylor, the driver and owner of the vehicle, allegedly operated it too fast for conditions, lost control of the vehicle, and went off the roadway and into a tree. *Id*. at 8, 30. He further alleges that, immediately before Taylor lost control of the vehicle, Henderson "directed loud and

---

[4] GEICO did not timely file a memorandum in support of its motion for judgment on the pleadings. In his response to the motion, Lawrence argued, among other things, the motion should be denied for not complying with the local rules. (ECF No. 46 at 4-5). The day after Lawrence filed his response to the motion, GEICO filed its memorandum. (ECF No. 47). Because the parties did not have an opportunity to respond to GEICO's untimely memorandum, the magistrate judge issued a text order, granting the parties fourteen (14) days to respond or supplement their response to the memorandum. (ECF No. 55). Accordingly, Lawrence filed another response on March 26, 2024. (ECF No. 59). In his Report, the magistrate judge concluded GEICO's motion should not be denied based on failure to comply with the local rules. (ECF No. 66 at 13). Lawrence does not raise any objections to the magistrate judge's decision to consider the motion despite the untimely filing of the accompanying memorandum. Accordingly, the court need only review the magistrate judge's ruling for clear error. Having found none, the court agrees with the magistrate judge on this issue.

agitating comments and/or irritating actions toward defendant Cody S. Taylor causing defendant Cody S. Taylor to be distracted . . . ." *Id*. at 8-9. As a result of the collision, Lawrence is paralyzed from the chest down.[5] *Id*. at 9.

  As discussed, after Allied filed its complaint in this court, Lawrence filed an answer, a counterclaim against Allied, and a third-party complaint against GEICO seeking declaratory relief. (ECF No. 16). GEICO filed an answer, asserted its own counterclaim for declaratory relief, and filed the present motion for judgment on the pleadings. (ECF Nos. 27, 43). In its motion, GEICO moved for an "[o]rder entering Judgment on the Pleadings in favor of [GEICO], dismissing [Lawrence's] Complaint pursuant to Rule 12(c) . . . on the grounds that pleadings show that there is no genuine issue as to any material fact which would entitle the Plaintiff to a recovery against [it] and, therefore, [GEICO] is entitled to Judgment as a matter of law." *Id*. at 1-2. GEICO notes the underlying tort action contains no allegations that Austin Kirk used or operated a vehicle at the time of the accident that gave rise to this claim. (ECF No. 43 at 2). It added that the only allegation against Austin Kirk is that he hosted a party and "knowingly and intentionally served, or caused to be served, alcoholic beverages to Plaintiff Hunter Lawrence after they knew or should have known that he was visibly intoxicated." *Id*. Accordingly, it argues "[s]uch allegations are clearly not covered under any automobile policy." *Id*. at 2. Thus, it posits it should be granted judgment on the pleadings and be dismissed from this action as a matter of law." *Id*. In the memorandum in support of its motion, GEICO moved for judgment on the pleadings because "there is no coverage for this dram shop type of claim under an automobile liability policy even if all of the factual allegations of the Complaint in the underlying tort case .

---

[5] Lawrence provides that, upon information and belief, on the date of the accident, Taylor's vehicle was not registered for use on public roads or property, did not have a license plate, and "was used solely to service a residence." *Id*. at 9-10. He confirmed the vehicle was not owned by either of the Kirks. *Id*. at 10.

4

. . are accepted as true." (ECF No. 47). Lawrence filed a response in opposition to both the motion and the memorandum. (ECF Nos. 43, 59).

The magistrate judge issued a Report and Recommendation ("Report"), wherein he agreed with GEICO that the automobile policy at issue does not provide coverage for the September 12, 2020 accident. (ECF No. 66 at 10). In reaching his conclusion, the magistrate judge examined and applied the test for determining whether an incident arises out of the ownership, maintenance, or use of an insured's vehicle that was articulated in *State Farm Fire and Casualty Co. v. Aytes*, 503 S.E.2d 744 (S.C. 1998), and concluded that Lawrence's injuries did not arise out of the ownership, maintenance, or use of a vehicle insured by the GEICO policy. *Id*. at 17-18. He further concluded that the GEICO policy does not provide for liability under a social host theory. *Id*. at 18. Therefore, he concluded GEICO was entitled to judgment as a matter of law. *Id*. Accordingly, he recommended the motion for judgment on the pleadings be granted, that Lawrence's third-party-complaint against GEICO be dismissed, and that GEICO be dismissed from the action. *Id*. Lawrence filed objections to the report, (ECF No. 68), and GEICO filed a reply, (ECF No. 69).

## STANDARD OF REVIEW

### A. Report and Recommendation

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C.

§ 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, "'the court is not obligated to consider new arguments raised by a party for the first time in objections to the magistrate's Report.'" *Floyd v. City of Spartanburg S.C.*, Civ. A. No. 7:20-cv-1305-TMC, 2022 WL 796819, at *9 (D.S.C. Mar. 16, 2022) (quoting *Elliott v. Oldcastle Lawn & Garden, Inc.*, No. 2:16-cv-01929-DCN, 2017 WL 1206408, at *3 (D.S.C. Mar. 31, 2017)); *see also Elijah*, 66 F.4th at 460 n. 3 (noting "district court judges are not required to consider new arguments posed in objections to the magistrate's recommendation").

### B. Motion for Judgment on the Pleadings

Rule 12 of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The standard of review for Rule 12(c) motions is essentially the same as that for Rule 12(b)(6) motions. *Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014). The main difference is that factual allegations contained in the answer may be considered on a Rule 12(c) motion; that is, "[a] Rule 12(c) motion, unlike a Rule 12(b)(6) motion, implicates the pleadings as a whole." *Aponte-Torres v. Univ. of Puerto Rico*, 445 F.3d 50, 54–55 (1st Cir.

2006). Judgment on the pleadings is warranted "when, accepting all facts pled by the nonmoving party as true and drawing all reasonable inferences from the facts in favor of the nonmoving party, the movant has clearly established that no material issue of fact remains, and that the movant is entitled to judgment as a matter of law." *Deutsche Bank Nat'l Tr. Co. Tr. v. Fegely*, 767 Fed. App'x 582, 583 (4th Cir. 2019) (quoting *Schnuck Mkts., Inc. v. First Data Merch. Servs. Corp.,* 852 F.3d 732, 737 (8th Cir. 2017)). The court may consider the complaint, answer, and any materials attached to those pleadings or motions for judgment on the pleadings "so long as they are integral to the complaint and authentic." *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

C. **Contract Construction**

Under South Carolina law,[6] "[a]n insurance policy is a contract between the insured and the insurance company, and the terms of the policy are to be construed according to contract law." *Auto Owners Ins. Co. v. Rollison*, 663 S.E.2d 484, 487 (S.C. 2008). As such, insurance policies are subject to the general rules of contract construction, and the court must give the policy language its plain, ordinary, and popular meaning. *Bell v. Progressive Direct Ins. Co.*, 757 S.E.2d 399, 406 (S.C. 2014). The obligation of the insurer under an insurance policy "is defined by the terms of the policy itself and cannot be enlarged by judicial construction." *S.C. Farm Bureau Mut. Ins. Co. v. Wilson*, 544 S.E.2d 848, 850 (S.C. Ct. App. 2001). Indeed, it is well settled that "courts have no authority to torture the meaning of policy language to extend or defeat coverage that was never intended by the parties." *Diamond State Ins. Co. v. Homestead Indus., Ins.*, 456 S.E.2d 912, 915 (S.C. 1995) (citing *Torrington Co. v. Aetna Cas. & Sur. Co.*,

---

[6] A federal district court sitting in diversity must apply the substantive law of the state in which the court sits, *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 79 (1938), and in this case, the parties do not dispute that South Carolina law applies.

216 S.E.2d 547, 550 (S.C. 1975)). Further, "[w]here the terms of a contract are clear and unambiguous as a matter of law, its construction is for the court." *Black v. Freeman*, 262 S.E.2d 879, 880 (S.C. 1980).

## DISCUSSION

**1. Whether the magistrate judge erred in reaching the issue raised in Lawrence's declaratory judgment claim against GEICO.[7]** (Objection No. 2)

Lawrence contends his declaratory judgment action is properly pled and that it was error for the magistrate judge to decide the merits, *i.e.*, the issue presented in the declaratory judgment action on GEICO's 12(c) motion.[8] (ECF No. 68 at 11-13). His contention, for which he cites no authority, rests on the assumption that, on a motion for judgment on the pleadings made pursuant to Fed. R. Civ. P. 12(c) in a declaratory judgment action, a court is limited to determining whether the declaratory judgment claim is properly pled. Therefore, he assumes the court cannot go further and decide the issue raised in the claim itself. Lawrence, however, is mistaken. *See, e.g., Hous. Auth. Risk Retention Grp., Inc. v. Chicago Hous. Auth.*, 378 F.3d 596 (7th Cir. 2004) (adopting the district court's decision which decided the issue raised in a declaratory judgment action on a Rule 12(c) motion); *Atl. Specialty Ins. Co. v. Bindea*, 632 F.Supp.3d 681 (W.D. Va. 2022) (deciding coverage issue raised in a declaratory judgment action on a motion for judgment on the pleadings); *Wood v. USAA Cas. Ins. Co.*, No. 6:23-cv-04310-TMC, dkt. entry 60 (D.S.C. Sept. 12, 2024) (determining insurance coverage issue on a 12(c) motion); *see also Geoghegan v. Grant*, No. CIV. A. DKC 10-1137, 2011 WL 673779, at *3 (D. Md. Feb. 17, 2011) (recognizing

---

[7] While the court addresses each of Lawrence's objections herein, it addresses them in a different order than that presented to provide additional clarity on the issues before it.

[8] Lawrence believes that such a decision "is really a decision granting summary judgment to Geico." *Id*. at 13. In his second response to the motion, Lawrence argued GEICO's motion for judgment on the pleadings should be denied as it is essentially a motion for summary judgment (ECF No. 59 at 3), and the magistrate judge concluded his arguments were "unpersuasive." (ECF No. 66 at 11 n.7).

"[m]otions on the pleadings can be used to obtain declaratory judgments where the parties' only dispute is the proper interpretation of contractual terms"); 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1369 (3d ed.) (acknowledging that, in a sense, motions for judgment on the pleadings and motions for summary judgment are similar in that both motions "are concerned with the substance of the parties' claims and defenses and are directed towards a final judgment *on the merits*" and "[a] motion for judgment on the pleadings, however, theoretically is directed towards a determination of the substantive merits of the controversy[.]"). Accordingly, the court finds the magistrate judge was within his purview to render a decision on the issue raised in this declaratory judgment action.

2. **Whether GEICO is "entitled to a decision on the merits."** (Objection No. 5)

Lawrence contends that even if this court can reach the issue raised in a declaratory judgment action on a Rule 12(c) motion, GEICO is not "entitled" to a decision on the issue because GEICO did not adequately argue the issue in its memorandum. (ECF No. 68 at 17-18). Lawrence takes issue with the limited authority GEICO cited and the scant argument it set forth in support of its motion for judgment on the pleadings. He also provides that "[t]he Report, instead of only considering Geico's limited legal arguments[,] conducts a full analysis of the merits of the case and raises arguments (and cites case law) not advanced by Geico and therefore not briefed by Lawrence (or Allied)." (ECF No. 68 at 18). The court disagrees.

In its memorandum in support of its Rule 12(c) motion, GEICO notes "[t]he key question . . . is whether or not the actions alleged in the underlying Complaint allege facts that arise out of the ownership, maintenance or use of the motor vehicle." (ECF No. 47 at 3). GEICO sets forth the three-part test articulated in *Aytes* as well as the components for establishing the requisite causal connection between the vehicle and the injury. *Id*. at 4. It also cites the South Carolina

9

Supreme Court's decision in *State Farm Mutual Insurance Company v. Bookert*, 323 S.E.2d 181 (S.C. 1999), and contends that "[e]ven if all allegations of the underlying Complaint are accepted as true, the incident is not covered under the automobile policy under South Carolina law." *Id*. at 3. Lawrence had an opportunity to provide an argument in opposition to GEICO's position in his responses to the motion; however, instead of doing so, he merely restated the *Aytes* test and indicated whether GEICO provided any argument or commentary for each of its elements. (ECF No. 59 at 6).

In his Report, the magistrate judge examined the *Aytes* test as well as, among other things, the *Bookert* decision, and concluded the *Aytes* test was not satisfied as Lawrence had not demonstrated that his injuries arose "from the ownership, maintenance, or use" of a vehicle insured by the Geico Policy. (ECF No. 66 at 13-18). As such, he determined the GEICO policy does not provide coverage for the incident and, therefore, GEICO is entitled to judgment as a matter of law. *Id*. at 18. While the magistrate judge cited additional caselaw in support of his decision than what the parties set forth in their briefs, to find that a court is limited to considering only the authority raised in the briefs when determining an issue before it would be nonsensical. Indeed, Lawrence cites no authority in support of such position. Further, while he argues the magistrate judge addressed more issues than those presented to him, Lawrence failed to identify any "new" issues that were addressed in the Report that were not raised by the parties. Accordingly, the court concludes the issue of whether the GEICO policy provides coverage for Lawrence's injuries was properly before the court and overrules this objection.

3. **Whether the magistrate judge failed to properly consider factual allegations in Allied's complaint and/or Lawrence's third-party complaint.** (Objection No. 1)

Lawrence contends the magistrate judge erred in recommending the motion on the pleadings be granted. (ECF No. 68 at 11). The court need not dive into the magistrate judge's

analysis of the *Aytes* test because Lawrence does not object to the magistrate judge's analysis of this issue. Indeed, he agrees with the magistrate judge that the Kirks do not have motor vehicle liability. *See* ECF No. 68 at 10 (where Lawrence acknowledges that his "state action amended complaint does not allege the Kirks have motor vehicle liability *because Lawrence does not take the legal position that that [sic] Kirks have motor vehicle liability*") (emphasis added); *id*. at 10-11 (where Lawrence provides "[n]ot surprisingly, after the Report finishes its analysis of Lawrence's state action amended complaint, the Report concludes the *state action amended complaint* does not allege any motor vehicle liability against the Kirks. That was an expected outcome **because that is Lawrence's legal position**") (emphasis added and in original).

Instead, Lawrence again clarifies that his "primary position" is that Christina Kirk's homeowner's insurance policy through Allied provides insurance coverage for the allegations and claims in the state court action. (ECF No. 68 at 2). However, Lawrence asserts that because Allied has taken the position "that the Kirks have motor vehicle liability and motor vehicle liability is excluded under the homeowner's policy," GEICO should be required to stay in this case "so that it can take a position on Allied's argument and Allied can take a position on Geico's argument" at the summary judgment stage. (ECF No. 68 at 2-3). He adds that "Geico's briefing of the legal issues at the summary judgment stage will help the court make an informed decision on the public policy ramifications of Allied's reading of its homeowner's insurance policy." *Id*. He therefore attempts to utilize Allied's allegations in Allied's complaint to defeat GEICO's motion.[9]

---

[9] Additionally, Lawrence misconstrues Allied's allegations in its complaint. (ECF No. 1). Nowhere does Allied take the position that the Kirks have motor vehicle liability for Lawrence's injuries. Instead, the complaint simply alleges in pertinent part that the motor vehicle liability exclusion in the Kirks' homeowners' policy applies here. (ECF No. 1 at 8–9).

11

Lawrence contends that had the magistrate judge considered the allegations in Allied's complaint and his third-party complaint regarding Allied's position, the magistrate judge would have recommended denying GEICO's motion. *Id*. Specifically, Lawrence contends the magistrate judge should have considered the following allegations from Allied's complaint:

- Therefore, Allied is entitled to a declaration that its Policy does not provide liability coverage for the September 12, 2020, automobile accident because the motor vehicle liability exclusion applies.

- The Allied policy excludes coverage for any "motor vehicle liability" if, at the time and place of an "occurrence", the "motor vehicle" involved is registered for use on public roads or is legally required to be so registered.

- The bodily injuries alleged in the Underlying Complaint arose out of the occupancy, operation, or use of a vehicle.

- The September 12, 2020, automobile accident occurred while Cody Taylor was driving a motor vehicle on the roadway and the vehicle was either registered or required by law to be registered.

- The Policy exclusion for "Motor vehicle liability" includes liability for "bodily injury" arising out of the "occupancy, operation, [or] use . . . of such vehicle or craft by any person."

- The Underlying Complaint alleges that Hunter Lawrence's injuries resulted from his occupancy of a vehicle operated by Cody Taylor that was involved in a single-car accident. The Underlying Complaint further alleges that Marshall Henderson contributed to the accident by distracting the driver of the vehicle.

Lawrence also argues the magistrate judge failed to consider the following allegations from Lawrence's third-party complaint:

- The Plaintiff, Allied Property and Casualty Insurance Company, alleges, inter alia, in its Complaint that its homeowner's policy contains an exclusion for motor vehicle liability (an allegation denied by Defendant Hunter E. Lawrence).

- Based on the allegations of Plaintiff Allied Property and Casualty Insurance Company in its Complaint (which are denied by Defendant Hunter E. Lawrence), Third-Party Plaintiff Hunter E. Lawrence requests a declaration from the Court regarding coverage for alleged motor vehicle liability and the GEICO insurance policy.

According to Lawrence, had the magistrate judge considered *Allied's* allegations concerning the Kirks' alleged motor vehicle liability he would have denied GEICO's motion for judgment on the pleadings. (ECF No. 68). The court disagrees.

The aforementioned allegations that Lawrence claims the magistrate judge overlooked in his analysis concern Allied's position that the motor vehicle liability exclusion in the homeowner's policy it issued to Christina Kirk precludes coverage for the underlying accident. However, as GEICO notes, "[w]hether or not *Allied Property* has coverage for this accident does not affect whether *GEICO* has coverage for the accident, and vice versa. They are separate coverage questions." (ECF No. 69 at 2) (emphasis added). These allegations do not impact the magistrate judge's analysis under *Aytes*, and it is clear from Lawrence's response to the motion and his objections that he is trying to unnecessarily keep GEICO as a party to this case purely with the intent of having it be forced to respond to any motion Allied Property may subsequently make. That, however, is not a valid reason for keeping a party to this case. In essence, Lawrence seeks for this court to force GEICO to challenge Allied Properties' exclusions on Lawrence's behalf despite the fact that clearly and unequivocally, neither the insured parties nor the insured vehicles listed in the GEICO policy were involved with the automobile accident that resulted in Lawrence's injuries. Requiring GEICO to remain a party to this lawsuit solely to essentially act as Lawrence's stand-in advocate against an unrelated insurance carrier with no common or related underlying policy would be inappropriate.

4. **Whether the magistrate judge erred in recommending GEICO be dismissed.** (Objection No. 4)

Lawrence argues GEICO should not be dismissed from this action even if the court grants the motion for judgment on the pleadings because GEICO still has a pending claim against him.

(ECF No. 68 at 16). As discussed, Lawrence filed a third-party complaint against GEICO seeking a declaration "regarding coverage for alleged motor vehicle liability and the GEICO insurance policy." *Id*. at 13. GEICO filed an answer and also brought a counterclaim for declaratory judgment, seeking a declaration that the GEICO policy does not provide coverage for the September 12, 2020 accident. (ECF No. 27 at 7-8). Thus, both parties are seeking declarations concerning whether the GEICO policy provides coverage for the underlying lawsuit. As also discussed, the magistrate judge concluded the GEICO policy does not provide coverage and, therefore, GEICO is entitled to judgment as a matter of law. In making the present argument, Lawrence, therefore, assumes that GEICO's motion and the magistrate judge's Report concern *only Lawrence's* request for declaratory relief regarding the GEICO policy. However, the ruling addresses *both* declaratory judgment actions as it answers the question posed under both, that is, whether the GEICO policy provides coverage in the underlying lawsuit. Accordingly, the court adopts the magistrate judge's report and recommendation to the extent that he recommends GEICO be dismissed from this lawsuit.[10]

   5. **Whether GEICO's motion is futile.** (Objection No. 3)

Lawrence also argues GEICO's motion for judgment on the pleadings "is futile and serves no useful purpose" because it also has a claim for declaratory judgment against Lawrence.

---

[10] Lawrence further argues that "Geico needs to remain a third-party defendant in this case until the court rules on whether Allied can exclude coverage in the homeowner's policy based on motor vehicle liability." (ECF No. 68 at 16-17). Again, the court fails to see how Allied's allegations concerning its motor vehicle liability exclusion impact the court's finding on whether GEICO's policy covers this accident. Moreover, keeping an entity as a party to this case solely for the purpose of responding to future motions for summary judgment *as to an unrelated party* is inappropriate. Rule 11 of the Federal Rules of Civil Procedure provides that by filing "a pleading, written motion, or other paper . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, . . . it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1).

Lawrence's futility argument, however, again rests on the assumption that a ruling on the motion for judgment on the pleadings impacts only his own third-party complaint seeking declaratory relief and that GEICO's counterclaim for declaratory judgment would still be pending despite the fact that this ruling provides a definitive answer as to GEICO's counterclaim. As discussed, that is not so. By its very nature, the motion before the court is a motion for judgment on the pleadings (plural) and requires the court consider both the third-party complaint and the answer thereto. *Aponte-Torres v. Univ. of Puerto Rico*, 445 F.3d 50, 54–55 (1st Cir. 2006) (recognizing "[a] Rule 12(c) motion, unlike a Rule 12(b)(6) motion, implicates the pleadings as a whole"). GEICO's answer to the third-party complaint included its counterclaim. *See Holmes Grp. Inc. v. Vornado Air Circulation Systs., Inc.*, 535 U.S. 826, 831 (2002) (in determining that a counterclaim cannot be the basis of "arising under" jurisdiction, indicating that a counterclaim is a "part of the defendant's answer"). Therefore, GEICO's motion is not futile, and this objection is overruled.

## CONCLUSION

For the reasons set forth above, the court **GRANTS** GEICO's motion for judgment on the pleadings, (ECF No. 43), **DISMISSIES** Lawrence's third-party complaint against GEICO, and **DISMISSES** GEICO from this action.[11]

---

[11] In light of its ruling granting judgment in favor of GEICO, the court dismisses as moot Lawrence's motion for summary judgment at ECF No. 88. Notably, the motion at docket entry 88 raises entirely new arguments not raised before the court in conjunction with this motion for judgment on the pleadings. (ECF No. 88). Those arguments rely on alleged facts that were in the record at least as early as August 2023 when Lawrence filed his third-party complaint. *See id*. Accordingly, as the arguments were not raised in conjunction with the motion for judgment on the pleadings, nor in response to the Report, the court has not considered them in making this ruling as they were not properly presented in regards to the motion at issue.

s/Timothy M. Cain
United States District Judge

September 24, 2024
Anderson, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.